Mr. Gutierrez, we expect lawyers to be here when their case is called for argument, and I forgot an appellate, a scheduled appellate argument is not remotely an acceptable excuse. Not remotely. Yes, sir. May I continue, Your Honor? Thank you. Judge, this case comes up on the matter of Defendant Vasquez, who had pled to a charge of distributing various types of narcotics, including heroin and marijuana. Over the months of the case overhears, one of the phone calls suggested an which would have substantially brought down the anticipated guideline level at least by two points. The court and the government disagreed. The court believed that the reference to cabbage was a reference to heroin, and therefore sentenced the defendant to 92 months instead of what would have amounted to the We submit, Judge, that the use of the word cabbage in these overhears and these Title III definitions of what is being talked about can be a little difficult to ascertain whether they're talking about money or they're talking about marijuana. In either case, Judge, we believe that the court did not have a preponderance of the evidence in that sentence to suggest that the conversation was about heroin and not about marijuana, especially where the indictment alleges both sale of heroin and marijuana. Was there testimony that the proposed reported code met cocaine? There were some mention of cocaine as well, but the main calculus was for the heroin, and then this was relied upon by the court to enhance Mr. Vasquez based upon an interpretation that the word cabbage in the overhear, without more, without a witness saying, yes, we were talking about heroin, is insufficient to kick up the extra two levels in the sentencing guidelines. And that's the basis of our argument, essentially, is that without some other thing, without some other definitive mention by somebody that that particular conversation was referring to heroin and not either money or marijuana. We believe that was an error. That's all I have. Thank you. Thank you, Judge. Mr. Kinney. Yes, sir. Mr. Gutierrez, counsel sits at counsel table. May it please the court. I think it's critical to point out that at page five of our brief, we highlight from the record the conversation which is at stake in this case, which is the point of the appeal. The issue in this case is a very simple issue. Did the district court correctly find that 150 grams of heroin, a transaction which took place in August 2013, was relevant conduct? If you look at that transcript, which we reproduced for you, there's no mention whatsoever of cabbage in that conversation. At one point early on in the conspiracy, there was a discussion of cabbage that related to cocaine. There was expert testimony by federal law enforcement officers that this was cocaine. This is a case with abundant proof. There were numerous intercepted phone calls through Title III. There was a number of surveillance of drug deals. There was the recovery of large quantity of heroin. The conversation which is at stake in this appeal, which is the focus of this appeal, the 150 grams which bumped up his guideline sentence, very explicitly discusses heroin. And it discusses heroin both in terms of grams, which is what the deal was, and it also discusses heroin in the terms of the street price, which was $70 a gram. I respectfully submit to the court that there's abundant... Excuse me. I respectfully submit to the court that the district court was not clearly erroneous when considering all the transactions in this case. All of the testimony, the wiretaps, the intercepted text messages, the surveillance evidence in the recovery of heroin, was not clearly erroneous in determining that this 150 grams constituted relevant conduct. And I'll conclude on this note that this circuit has a long list of case law highlighting what constitutes relevant conduct. In this case, you have the same drug dealers doing the same conspiracy, dealing the same drug with the same modus operandi, the same price, the same neighborhood. And I respectfully submit to the court that you should find the district court was correct in concluding that this constituted relevant conduct. Thank you. Thank you very much, counsel. Anything further, Mr. Gutierrez? No. Thank you very much. The case is taken under advisement and the court will be in recess. Thank you. Thank you.